679 S.E.2d 525

**In the Matter of County Magistrate Patrick D. SULLIVAN, Respondent.**

**No. 26677.**

Supreme Court of South Carolina.

Heard May 27, 2009.

Decided June 29, 2009.

Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for Office of Disciplinary Counsel.

Gregory Poole Harris, of Harris & Gasser, of Columbia, and Sherri A. Lydon, of Law Offices of Sherri A. Lydon, of Columbia, for Respondent.

PER CURIAM:

In this judicial disciplinary case, respondent Magistrate Judge Patrick Sullivan admits altering a court order and a letter from the Commission on Continuing Legal Education and Specialization (hereinafter "CLE Commission"). The record supports the recommendation of the Commission on Judicial Conduct (hereinafter "the panel"), and we retroactively suspend respondent.

## I.

Respondent failed to comply with Rule 510, SCACR and report his CLE hours for 2006–07 timely. Therefore, this Court suspended respondent. Subsequently, respondent complied with Rule 510. Thus, the CLE Commission issued respondent a letter finding him in compliance and instructing him to contact this Court to be reinstated. This Court then reinstated respondent by court order, and the court order specifically stated the reinstatement was not retroactive.

Respondent then retook the bench. While conducting bond court, respondent was asked to submit evidence of his reinstatement to the county administrator. Respondent faxed copies of the CLE Commission's letter finding him in compliance and this Court's order reinstating respondent. The version of the letter and this Court's order sent by respondent were altered. Specifically, respondent removed the references that his reinstatement was not retroactive. Respondent explains the alterations of these documents as an innocent attempt to obscure notes he made on the documents as he did not have time to obtain the originals. Respondent admits he failed to notify the county administrator of the papers' alterations.

This Court placed respondent on interim suspension on October 12, 2007, due to this matter. The panel reviewed this case, heard testimony, and recommended retroactive suspension for a period not to exceed respondent's interim suspension. Neither the Office of Disciplinary Council (ODC) nor respondent filed any exceptions to the panel's report.

## II.

ODC concedes it found no evidence respondent acted with fraudulent intent. However, as the panel found, regardless of motive, respondent deleted material information from an order from this Court and a letter from the CLE Commission. We find, as the panel did, respondent committed misconduct as defined by Rule 7(a), Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. Specifically, respondent violated the following judicial canons contained in the Code of Judicial Conduct in Rule 501, SCACR: Canon 1 and 1A in failing to uphold the integrity of the judiciary and maintain a high standard of conduct; Canon 2 and 2A in failing to avoid impropriety or the appearance of impropriety and act in a manner promoting public confidence in the judiciary; and Canon 3B(2) in failing to be faithful to the law.

## III.

We hold a suspension is a warranted sanction in this case under Rule 7(b), Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. Respondent has been on interim suspension since October 12, 2007. We find this time period sufficient. Thus, respondent's suspension is retroactively applied to October 12, 2007, and respondent's suspension is dissolved as of the filing of this opinion. Lastly, under Rule 7(b), Rules of Judicial Disciplinary Enforcement, Rule 502, SCACR, respondent shall pay the costs associated with the disciplinary proceeding within ninety days of the date of the filing of this opinion. Failure to pay the costs may result in the imposition of civil or criminal contempt by this Court.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.